UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MODESTO ECHEZARRETA
and
JACKELINE ECHEZARRETA

   Plaintiffs,

   v.

WEST ASSET MANAGEMENT, INC.

   Defendant(s),
_____/

**09-21627**
**CIV - COOKE**
Judge:    **MAGISTRATE**
Case No.:  **BANDSTRA**

FILED by ___AJS___ D.C.
JUN 15 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S. D. of FLA. – MIAMI

## COMPLAINT
**JURY DEMAND**

1. Plaintiff, alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District.

# Parties

3. Plaintiffs, **MODESTO ECHEZARRETA and JACKELINE ECHEZARRETA,** is a natural person who resides in Miami-Dade County, Florida.

4. Defendant, WEST ASSET MANAGEMENT, INC. is believed to be a corporation with its principal place of business at 1201 Hays Street, Tallahassee, FL 32301.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in the FDCPA.

## C. FACTS COMMON TO ALL COUNTS

7. Defendant sought to collect from Plaintiffs an alleged debt for arising from a credit card used for personal, family or household purposes.

8. Plaintiffs advised Defendant that they were the victim of fraud and that they had not withdrawn or received any funds from Washington Mutual.

9. Plaintiffs advised Defendants that they had filed a police report and delivered a copy to Washington Mutual.

10. Defendant threatened Plaintiff with criminal prosecution stating that they had proof Plaintiff had withdrawn the funds as they were in possession of various video tapes.

11. Plaintiff requested the video tapes and Defendant never produced such evidence and, instead, kept contacting Defendant threatening that there was an on going criminal investigation.

12. Defendant advised Plaintiff that if they wanted to avoid the criminal investigation, they needed to immediately pay the balance owed.

13. Plaintiffs have been damaged as a direct and proximate cause of Defendant actions because the derogatory information reported has impaired their normal ability to obtain financial lending as it reflects incorrect, inaccurate, misleading, and/or false information.

## D. CAUSES OF ACTION

**COUNT ONE
VIOLATION OF THE
Fair Credit Reporting Act
By WEST ASSET MANAGEMENT
15 U.S.C § 1681s-(2)(b), et seq.**

14. Plaintiffs incorporate paragraphs 1 through 13 as though fully stated herein.

15. At all times pertinent hereto, this Defendant were a "person" as that term is defined by 15 U. S. C. § 1681a(b).

16. This Defendant violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U. S. C. § 1681s(2)(b). In the entire course of its actions Defendant willfully and/or negligently violated these provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

   b. By willfully and/or negligently failing, to review all relevant information concerning Plaintiff's account provided to these Defendants;

   c. By willfully and/or negligently failing, to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. By willfully and/or negligently failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

   e. By willfully and/or negligently failing, to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit

   reporting agencies concerning the inaccurate information disputed by plaintiffs.

f. By willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

g. By willfully and negligently failing to comply with the requirements imposed on furnishers of information

h. pursuant to 15 U. S. C. § 1681s-(2)(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against these Defendants for:

- For an award of actual damages;

- For an award of statutory damages;

- For an award of Punitive damages;

- For all inaccurate information reported by defendants to be permanently deleted from Plaintiffs credit reports and files.

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## COUNT TWO
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT
## Fla. Stat. § 559.55 - §559.785

17. Plaintiffs incorporate paragraphs 1 through 13 as though fully stated herein.

18. Plaintiff entered into a credit contract pursuant to which Plaintiff purchased consumer goods as required under Fla. Stats. §559.55 - §559.785.

19. Credit was extended via a consumer credit card used to purchase goods or services for personal, family, or household use.

20. Plaintiff advised the Defendant that this debt was obtained fraudulently.

21. Defendant has harassed Plaintiff as stated previously in Paragraph 9 of this complaint.

22. Said conduct is in direct violation of Section 559.72, et seq. of the Florida Statutes.

23. The acts of Defendant mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

24. As a direct and proximate result of the conduct and acts of Defendant mentioned above, plaintiff has suffered sever pain and distress of body and mind, and great mental anguish, embarrassment, humiliation, and shame.

25. Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendant mentioned above, and has agreed to pay counsel a reasonable attorney fee.

26. Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court costs, telephone calls, travel expenses, and other expenses, all to Plaintiff's further damage.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant pursuant to Fla. Stats. for:

- That Defendant be enjoined from any and all further illegal collection practices against the Plaintiff;

- For actual damages or for statutory damages of $1000 whichever is greater;

- For punitive damages;

- For attorney fees'

- For costs of suit; and

- For such other and further relief as the court deems proper.

### E. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury as stated in the US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated and filed this 8th day of June of 2009.

Respectfully submitted,
Law Offices of
**GHAZAL & GOMEZ, LLC.**
**ATTN: MICHAEL GOMEZ, ESQ.**
Attorney for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Tel. 954.921.7676
Fax. 954.925.7816

   /s/Michael Gomez
Michael Gomez, ESQ.
FBN: 043338


Samira Ghazal, ESQ.
As Co-Counsel
FBN: 0864617

Page 8 of 8

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Modesto Echezarreta
Jackeline Echezarreta

**DEFENDANTS**
West Asset Management

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

FILED by _JIS_ D.C.
JUN 15 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954-921-7676
Michael Gorrie
1930 Tyler St. Hollywood, FL 33020
Miami, FL

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER...

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

09-CV-21627-Cooke/Bandstra

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

[Nature of Suit checkboxes - none marked]

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. §1692  FDCPA

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 6/9/09

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 002903   AMOUNT 350—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____